THOMAS J. LAMEY *vs.* MAINE MORTGAGE & GUARANTY COMPANY.

Androscoggin.      Opinion, May 5, 1934.

*Clifford and Clifford*, for plaintiff.
*Carl F. Getchell*,
*Frank T. Powers*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

BARNES, J.   In a replevin action against the mortgagee of an automobile, plaintiff recovered a verdict, and the case comes up on defendant's motion for a new trial on the allegation that the verdict is against the law and the evidence.

It appears that on May 9, 1933, defendant took from plaintiff an automobile, as its property, by virtue of a foreclosed mortgage, given it on April 21, 1932, and purporting, according to its terms, to convey title to the autombile replevied and three others.

By its wording the mortgage conveys title to the automobile replevied; but plaintiff claims, and offered proof to demonstrate, that on April 20, 1932, the automobile was bought by him, and that on the next day, when the mortgage was given, it was his property and not that of the mortgagor.

The transaction was regular, and in due course of business.

Four automobiles, on one railroad car, were consigned and shipped to order of consignor, Lewiston, Me., destination, Auburn, Me., notify Springer Motor Sales Inc., (Mortgagor) at Auburn.

The bill of lading, with draft for purchase price attached, was received by The First National Bank of Lewiston; the shipment arrived and went on demurrage.

A witness, Guy J. Myrand, identified as a cashier of the railroad of delivery, the M. C. R. R., and an employee of that corporation for thirty years, testified that on April 20, 1932, he cancelled the bill of lading, received and receipted for demurrage due, and delivered the automobiles to the Springer Motor Sales Inc., delivery receipt being signed for the corporation by T. Y. Springer.

Mr. Myrand testified that on each of these papers he affixed by stamp or pen the date of the transaction, April 20, 1932.

Plaintiff, a young man, was in 1932 golf professional of the Martindale Country Club, living in Lewiston. His testimony, un-

shaken on the record, is that about the middle of March of that year he began negotiations with the Springer Motor Sales Inc., through Mr. Springer for the automobile, that resulted in an agreement of sale, he to turn in a Cadillac and receive the new car, a balance in cash being agreed upon, and that then Mr. Springer took the Cadillac.

He testified that he opened the country club on Patriot's Day, April 19, 1932; that on the next day, Mrs. Lamey accompanying him, he drove to the freight yard of the M. C. R. R. and saw Mr. Springer and his men unload the car of automobiles; that Mr. Springer told him then the automobile was his; that he gave Mr. Springer a check for the agreed amount, took a written acknowledgment of sale, signed by Mr. Springer and stamped, "Received Payment Apr. 20, 1932," but left the machine to be greased and serviced; that on the next day he called and received his car, and kept it, without notice of claim of defendant or any other until the next spring.

In all this he is corroborated by his wife.

All the papers referred to were identified and made exhibits at the trial.

Against this was produced the mortgage, dated April 21, 1932, check dated Apr. 21, by which the Lewiston bank remitted to a Boston bank the amount of the draft which accompanied the bill of lading, and the testimony of the attorney for the mortgagee, in whose office the mortgage was drawn.

Mr. Springer was not called as a witness.

The issue was, who had title to the automobile on April 20, 1932?

It was an issue of fact: its determination wholly within the province of the jury.

We find in the record evidence on which a jury could decide for the plaintiff, and nothing to indicate improper motive on its part.

*Motion overruled.*